# McMullin *versus* McCreary.

1. The Act of February 28th 1865, relating to lost leases, is out of the course of the common law, and should be strictly construed.

2. Its summary jurisdiction should be limited to the precise case contemplated, and the proceedings should exhibit every fact which the act requires.

3. The record must show a tenancy for years or from year to year, and that the first year of the term or the term itself is ended.

4. The act applies only to a tenancy created by a lease which fixes a term and rent.

February 4th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

[McMullin *v.* McCreary.]

Error to the Court of Common Pleas of *Philadelphia*.

This case commenced in proceedings instituted September 18th 1866 before Alderman Beitler, by John B. McCreary against Patrick McMullin, for the recovery of premises alleged by Mc-Creary to be in the occupancy of McMullin as his tenant.

The plaintiff complained that he was owner of a certain tenement, &c., since August 6th 1864; that Patrick McMullin was then, and is yet, tenant of said premises; that said John B. McCreary is unable to furnish proof of the beginning and conclusion of the term of said McMullin as tenant of said premises; and on December 26th 1865 gave notice in writing to McMullin that he was unable to make such proof, and required McMullin within thirty days from the time of service to furnish him in writing with the date at which his term of tenancy commenced; that McMullin failed and refused to comply with the said requirement within said thirty days; and after the expiration of said period McCreary gave McMullin three months' notice to quit the premises; that three months have elapsed since the service of said notice, and that McMullin refuses to comply with said requisition to quit said premises.

The alderman found: "The above complaint is in all particulars just and true, and enters judgment against said defendant that he shall forthwith deliver actual possession of said premises to plaintiff, and gives judgment for $81 damages."

The defendant removed the proceedings by certiorari into the Court of Common Pleas, where he filed a number of exceptions, several of which were to the point that the complaint and proceedings did not show that there was any lease of the premises. The proceedings were affirmed in the court below; this affirmance was assigned for error.

*G. Fenner*, for plaintiff in error, cited Act of February 28th 1865, Purd. 1399, Pamph. L. 253; December 14th 1863, Purd. 1341, Pamph. L. of 1864, 1125; 21st of March 1772, Purd. 613, pl. 18, 1 Sm. Laws 373; Blashford *v.* Duncan, 3 S. & R. 487; Albright *v.* Rapp, 2 Casey 99; Koons *v.* Headly, 22 Leg. Int. 148; Shaeffer *v.* Sutton, 5 Binn. 228; Fahnestock *v.* Faustenaur, 5 S. & R. 174; Freytag *v.* Anderson, 1 Ash. 100; Logan *v.* Herron, 8 S. & R. 459; McGee *v.* Fissler, 1 Barr 126; Steele *v.* Thompson, 3 Penna. R. 38; Scott *v.* Fuller, Id. 55.

*Gummey*, for defendant in error.

The opinion of the court was delivered, February 21st 1867, by
WOODWARD, C. J.—The Act of Assembly of 28th February 1865, Purd. 1399, relative to lost leases between landlords and tenants in Philadelphia, is very much out of the course of the

HARVARD LAW SCHOOL LIBRARY

[McMullin *v.* McCreary.]

common law, and ought to be· strictly construed.  At least the summary jurisdiction it provides should be limited to the precise case contemplated by the act, and the inquisition of the alderman should exhibit, and of course proof should be laid before him of, every fact which the act makes necessary to the jurisdiction.

The act recites the inconvenience and trouble that have arisen in the city of Philadelphia from the loss of the evidence of leases, and then goes on to provide for a special case in which these several .things must concur : 1st. A lease or verbal letting of property for a term of years or from year to year.   2d. A landlord, either the original lessor, or a purchaser of his reversion, subsequent to the lease, who has lost the lease or is unable to produce proof of the beginning and conclusion of the term. 3d. The first year, if from year to year, or the term, if for years, must be ended.

When these things concur, it shall be lawful for the landlord to give the tenant notice in writing that he has lost the lease or is unable to prove its beginning and ending, and requiring the tenant to furnish him in writing, within thirty days, the date at which the term commenced.   The notice is not required to be supported by affidavit, but if it be so supported, it becomes evidence of the facts set forth in it.   If the tenant furnish the required date, his written response is evidence, but if he fail or refuse for thirty days ·to comply with the requirement, the landlord may then give him three months' notice to quit and surrender the possession of the premises, and may thereafter proceed to dispossess him in the same manner as is provided by the Act of 14th December 1863. ·

The failure of the tenant for thirty days to respond to the landlord's demand is made evidence that the tenant is liable to be proceeded against in the same manner that tenants are proceeded against under the Act of 1863 ; that is, the term will be determinable upon three months' notice.

The act is loosely drawn, but these seem to be its results.   A record made up under it must show a tenancy for years or from year to year, and that the first year of the term, or the term itself, is ended, else the magistrate has no jurisdiction under it. And the main vice of the record before us in this case is that it does not show that a lease ever was made of the premises in question, or that any term for years or from year to year ever existed. It sets forth that the plaintiff has been the owner of the premises since the 6th August 1864 ; that McMullin was then and is yet tenant of said premises ; that the plaintiff being unable to furnish proof of the beginning and conclusion of the term of said McMullin as tenant of said premises, gave him notice, &c.   This is all that is alleged, and it amounts neither to a " lease or verbal letting" of the property.   In possession of the premises, McMullin

[McMullin *v.* McCreary.]

might, in common parlance as well as in legal language, be called *tenant,* for a tenant is one who *holds* the possession. But he may hold it as owner or intruder, as well as under a lease or verbal letting. The act applies only to a tenancy created by a lease which fixes a term and a rent. And to give it any broader application would make it equivalent to ejectment for the recovery of land however in the possession of another.

In the notice which the plaintiff served on the defendant he did not allege a lease. He said the lease, "*if any,*" was lost, but he did not allege a lease, a term, a rent nor any one fact to bring his case under the Act of 1865. Then it is clear the alderman had no jurisdiction, and his proceedings ought to have been set aside by the Common Pleas.

Several exceptions were taken which are not sustainable, but they need not be noticed, because the plea to the jurisdiction was fatal to the whole proceeding.

The judgment is reversed, and the proceedings of the alderman are set aside at the cost of the plaintiff below.